UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUSAN SCHINITSKY,

                Plaintiff,

-v-

PACIFIC INDEMNITY COMPANY,

                Defendant.

22-CV-7509 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff Susan Schinitsky ("Schinitsky") brought this action against Pacific Indemnity Company ("Pacific Indemnity") for damages incurred from Pacific Indemnity's alleged breach of an insurance contract by failing to pay a property loss claim and for deceptive business practices under New York General Business Law § 349. Presently before the Court is Pacific Indemnity's motion to dismiss the second amended complaint.

I.  **Background**

    A.  **Factual Background**

The following facts are drawn from the second amended complaint and are assumed to be true for purposes of the motion to dismiss. Pacific Indemnity is an insurance company that issues property loss insurance coverage. (ECF No. 13 ("Compl.") ¶ 3.) Schinitsky is a homeowner who was insured under Pacific Indemnity's Chubb Masterpiece Policy ("the Policy") for specified items of personal property. (Compl. ¶¶ 6-8.) "On or about July-August 2020," while the Policy was in effect, certain items of personal property went missing "due to the conduct of others outside of [Schinitsky's] control." (Compl. ¶ 9.) Schinitsky alleges that the losses were fully covered by the Policy and not subject to any exclusions set forth therein. (Compl. ¶ 10.) Schinitsky further alleges that she provided "timely notice of the losses and proof

of the losses, including police reports" in accordance with the terms of the Policy, that she "fully cooperated with the Defendant in the investigation of the losses," and that she "performed all the conditions" of the Policy on her part. (Compl. ¶¶ 11-12.) Pacific Indemnity has refused to pay for the losses, which Schinitsky alleges to be at least $1,974,263.00. (Compl. ¶ 13.)

### B. Procedural History

Pacific Indemnity removed this case from the New York Supreme Court for New York County on September 1, 2022. (ECF No. 1.) Schinitsky filed an amended complaint on September 23, 2022. (ECF No. 9.) Pacific Indemnity filed a motion to dismiss on October 28, 2022. (ECF No. 10.) Schinitsky filed a second amended complaint on November 28, 2022, and an opposition to the motion to dismiss on February 28, 2023. (ECF Nos. 13, 17.) Pacific Indemnity filed a reply on March 30, 2023. (ECF No. 19.)

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, "the court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)). A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678

(alteration in original) (citing *Twombly*, 550 U.S. at 555, 557). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

### III. Discussion

The Court must first determine which documents it may consider in evaluating the adequacy of the complaint. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (internal quotation marks omitted) (citing *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006)). "However, even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Id.* (internal quotation marks omitted) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Id.* "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not

3

attached to the complaint." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

Pacific Indemnity has attached a certified copy of the Policy and two letter correspondences to its motion to dismiss papers. (ECF No. 11.) Schinitsky has attached police reports, letter and email correspondences, and various other exhibits to her opposition to the motion to dismiss. (ECF No. 17.) None of these documents were attached to the complaint or incorporated by reference therein. The Court concludes that the certified copy of the Policy is a "legal document containing obligations upon which the plaintiff's complaint stands or falls," and is therefore integral to the complaint. The Court will consider its contents in evaluating the present motion to dismiss. *Glob. Network Commc'ns, Inc*, 458 F.3d at 157.

As to the remaining documents, only the police report is referenced in the complaint, although its contents are not discussed or quoted. The remaining documents are not referenced at all. For this reason, the Court concludes that none of the remaining documents are integral the complaint, and therefore the Court may not consider them for the purpose of evaluating the adequacy of the complaint.

Having established that the Court may consider only the complaint and the Policy, the Court turns to evaluating the legal sufficiency of Schinitsky's allegations. "To make out a viable claim for breach of contract a 'complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (quoting *Harsco Corp v. Segui*, 19 F.3d 337, 348 (2d Cir. 1996)); *see e.g.*, *Acquest Holdings, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 217 F. Supp. 3d 678, 686 (W.D.N.Y. 2016) (applying these elements to breach of an insurance contract).

4

Schinitsky adequately alleges the first, third, and fourth prongs, and Pacific Indemnity does not seem to dispute the sufficiency of those allegations. As to the second prong, Schinitsky alleges that she provided "timely notice of the losses and proof of the losses, including police reports" in accordance with the terms of the Policy, that she "fully cooperated with the Defendant in the investigation of the losses," and that she has "performed all the conditions" of the Policy on her part. (Compl. ¶¶ 11-12.) That is sufficient for Rule 12(b)(6) purposes. Pacific Indemnity contends that Schinitsky failed to comply with the Proof of Loss requirement in the Policy, arguing that "[i]f Plaintiff truly did comply with the Proof of Loss requirement, the evidence to support the allegation would certainly have been provided by now . . . ." (ECF No. 19 at 6.) Pacific Indemnity's argument turns on factual matters beyond the pleadings. Moreover, Pacific Indemnity's argument for noncoverage is ultimately a *defense*. (*See, e.g., id.* at 8 ("the failure of an insured to file sworn proofs of loss within 60 days of receiving a demand is a complete defense to an action on an insurance policy.").) But a plaintiff's complaint need not anticipate every defense that a defendant might assert in its answer. The breach of contract claim survives dismissal. The Court will, however, entertain a targeted summary judgment motion (and discovery) based on this defense.

To state a claim under New York General Business Law § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (citing *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940 (2012)). Schinitsky adequately alleges the first and third prongs, and Pacific Indemnity does not seem to dispute the sufficiency of those allegations.

5

As to the second prong, "to be materially misleading, the allegedly deceptive act or practice must involve a representation or omission likely to mislead a reasonable consumer acting reasonably under the circumstances." *Ciobanu v. State Farm Fire & Cas. Co.*, No. 21-CV-288 (RPK) (RER), 2022 WL 889024, at *5 (E.D.N.Y. Mar. 25, 2022) (quoting *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (N.Y. 1999)) (internal quotations omitted). "The inquiry is objective, and a court may decide whether conduct is materially misleading as a matter of law." *Id.* (first quoting *Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007), and then quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)) (internal quotations omitted). Schinitsky makes conclusory statements that Pacific Indemnity "engaged in deceptive acts and practices" including, "among other means, . . . placing economic pressure on its insureds . . . in an effort to coerce them to accept in settlement less than the full amount they are entitled to under the policies" and requiring claimants "to incur unnecessary and substantial costs in pursuing their claims for coverage including but not limited to requiring such claimants to retain their own adjusters to pursue replacement costs of property covered under the Masterpiece Policy." (Compl. ¶¶ 21-23.) Here, the only factual allegation Schinitsky makes is that Pacific Indemnity requires claimants to retain their own adjusters. However, without more information regarding the imposition of this requirement, the Court concludes that this allegation on its own is insufficient to meet the standard of materially misleading. Schinitsky does not allege any further specific conduct to demonstrate how Pacific Indemnity materially misled her. The remainder of Schinitsky's allegations are conclusory. As such, the Court concludes that Schinitsky has not plausibly alleged the second prong of a New York General Business Law § 349 claim, and therefore dismisses the claim.

### IV.  Conclusion

For the foregoing reasons, Pacific Indemnity's motion dismiss is GRANTED in part and DENIED in part.

Pacific Indemnity shall file an answer to the remaining claim within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motion at Docket Number 10.

SO ORDERED.

Dated: September 25, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge