USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSAN SCHINITSKY,

                Plaintiff,

-against-

PACIFIC INDEMNITY COMPANY,

                Defendant.

22-CV-07509 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Susan Schinitsky is the holder of an insurance policy administered by Defendant Pacific Indemnity Company ("Pacific"). Plaintiff initiated this action to recover damages resulting from Defendant's denial of Plaintiff's property loss claim. Presently before the Court is Defendant's motion for summary judgment on Plaintiff's remaining claim for breach of Plaintiff's insurance policy with Defendant. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

### I. RELEVANT FACTS[1]

The relevant facts are largely undisputed. Plaintiff is the owner of a Masterpiece Insurance Policy (the "Policy") issued by Defendant. J56.1 ¶¶ 2–3. The Policy covers Plaintiff's home and its contents, including Plaintiff's "valuable articles" of jewelry, fine arts, and silverware. Dkt. No. 44-1 at PIC003225. The Policy provides $1,344,849 in coverage for Plaintiff's itemized jewelry, with a limit of $50,000 for any individual piece of jewelry outside of

---

[1] The relevant facts, taken from the Joint Rule 56.1 Statement ("J56.1"), Dkt. No. 43, and materials submitted in connection with the pending motion, are either undisputed or described in the light most favorable to Plaintiff. *See Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011).

1

the itemized list. J56.1 ¶¶ 5–6. The Policy lists four specific pieces of jewelry: a Tiffany & Co. diamond ring with an itemized value of $1,023,750; a pair of Tiffany & Co. pearl earrings with an itemized value of $116,349; a sapphire and diamond ring with an itemized value of $99,750; and an antique ruby and diamond ring with an itemized value of $105,000. Dkt. No. 44-1 at PIC003243; J56.1 ¶ 7. Plaintiff alleges that, during the period of July-August 2020, certain pieces of her jewelry went missing, resulting in a claimed loss of $1,974,263 worth of jewelry. *See* Dkt. No. 13 ¶ 9; J56.1 ¶ 11, 12. Plaintiff states in the operative complaint that she provided "timely notice of the Losses and proof of the Losses" to Defendant. Dkt. No. 13 ¶ 11.

The Policy contains various requirements that the insured must comply with after a loss. Those requirements include filing of a "signed, sworn proof of loss" that states: (1) the time and cause of loss; (2) interest of the insured and all others in the property involved and all liens on the property; and (3) other insurance which may cover the loss. J56.1 ¶ 10. The sworn proof of loss must be filed within 60 days after it is requested. *Id.* Finally, the Policy requires that the insured prepare an inventory of any damaged or lost personal property and, if required by Defendant, undergo an examination under oath concerning the claim. Dkt. No. 44-1 at PIC003302 (setting forth these and other requirements of the policyholder after a claimed loss).

On September 8, 2020, attorneys for Pacific sent Plaintiff a letter outlining the requirements for claims and requesting that Plaintiff file "Sworn Proofs of Loss with respect to [her] claims." Dkt. No. 44-2 at PIC001089. The letter included four blank Sworn Proof of Loss forms. *Id.* at PIC001093 *et seq.* The letter also asked Plaintiff to provide a variety of information and documents, including a complete inventory of the jewelry involved in the property losses, all appraisals of the jewelry, information concerning each person who observed the jewelry in the period 30 days prior to each loss, and police records of the loss, by September

28, 2020. *Id.* at PIC001089–92; J56.1 ¶ 14. Finally, the letter requested that Plaintiff appear for an examination under oath on October 9, 2020. Dkt. No. 44-2 at PIC001092; J56.1 ¶ 17. Plaintiff received the September 8, 2020 letter, *id.* ¶ 15,[2] but did not comply with any of its requirements. Plaintiff did not produce the requested documents by September 28, 2020, *id.* ¶ 16,[3] did not appear for an examination under oath on October 9, 2020, *id.* ¶ 18, and did not file Sworn Proofs of Loss within 60 days of Defendant's request, *id.* ¶ 20.

Between October 2020 and October 2021, Defendant sent Plaintiff numerous follow-up letters. These follow-up communications included at least nine letters requesting that Plaintiff provide documents and information in support of her claim, *id.* ¶ 21, 30, 34, 41, 44, 46, 51, 56, 64, and nine letters scheduling examinations of Plaintiff under oath, *id.* ¶ 24, 36, 39, 47, 52, 58, 66, 77, 80. Plaintiff provided some, but not all, of the requested information and documents. *Id.* ¶¶ 44, 76. Additionally, Plaintiff was examined under oath on May 27, 2021 and August 10, 2021, but both examinations were continued pending her production of additional documents and information. *Id.* ¶¶ 55, 71. Plaintiff's continued examination was scheduled for October 27, 2021, but Plaintiff did not appear. *Id.* ¶ 83. On November 17, 2021, Pacific sent Plaintiff a letter stating that it denied coverage due to Plaintiff's failure to produce the requested records, appear for an examination under oath, and submit Sworn Proofs of Loss. *Id.* ¶ 84.

---

[2] The Joint 56.1 Statement does not indicate Plaintiff's specific acquiescence to ¶ 15, but the remainder of the filings on summary judgment indicate that Plaintiff does not dispute she received the letter.

[3] Plaintiff does not dispute with any specific facts that she did not provide all of the requested documents, but instead alleges that Plaintiff "was already in possession of most, if not all, of the documents," contrary to her prior admission in response to Pacific's Requests to Admit. J56.1 ¶ 16. Plaintiff does not contest her failure to appear at the October 9, 2020 examination under oath or return the Sworn Proof of Loss documents within 60 days of request.

## II. PROCEDURAL HISTORY

Plaintiff initiated this action on June 29, 2022, in New York County Supreme Court. *See* Dkt. No. 1-1. Plaintiff's original complaint also named Chubb Limited and Chubb Group of Insurance Companies as Defendants. *Id.* On September 1, 2022, Defendant removed the case pursuant to the Court's diversity jurisdiction. Dkt. No. 1-3. On September 23, 2022, Plaintiff filed an Amended Complaint naming only Pacific as the Defendant. Dkt. No. 9. After Defendant moved to dismiss Plaintiff's claims, Plaintiff filed a Second Amended Complaint on November 28, 2022. Dkt. Nos. 10, 13. Defendant again moved to dismiss Plaintiff's claims on October 28, 2022. Dkt. No. 11. On September 25, 2023, Judge Oetken, to whom this matter was previously assigned, granted Pacific's motion to dismiss as to Plaintiff's New York General Business Law § 349, but denied the motion as to Plaintiff's breach of contract claims. *See* Dkt. No. 20. On February 21, 2024, the case was reassigned to the undersigned. Fact discovery concluded on May 1, 2024. *See* Dkt. No. 28. On August 9, 2024, Defendant moved for summary judgment on Plaintiff's remaining breach of contract claims. Dkt. No. 42 ("Def. Mot."). Plaintiff opposed the motion on September 20, 2024, Dkt. No. 50 ("Opp. Br"), and Defendant filed its reply on October 16, 2024, Dkt. No. 51 ("Def. Rep.").

## DISCUSSION

### I. LEGAL STANDARD

"Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Williams v. N.Y.C. Dep't of Health & Mental Hygiene*, 299 F. Supp. 3d 418,

4

424 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 56(a)).[4]  A fact is material if it could "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute of material facts exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the materials that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).  The non-moving party cannot rely upon "conclusory allegations or unsubstantiated speculation" to defeat a motion for summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).  Rather, it "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998)).

## II.  PACIFIC'S MOTION FOR SUMMARY JUDGMENT IS GRANTED

Defendant moves for summary judgment on the grounds that Plaintiff failed to comply with her obligations under the insurance policy by failing to provide signed, sworn proofs of loss.  Pacific argues that these failures preclude coverage under Plaintiff's policy.  The Court agrees.

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

### A. Plaintiff Failed to Comply With the Proof of Loss Requirement

"Under New York law, failure of the insured to file proof of loss within [the specified time period] is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense." *First Roumanian Am. Congregation v. GuideOne Mut. Ins. Co.*, 862 F. Supp. 2d 293, 310 (S.D.N.Y. 2012).[5] Because New York law generally does not prescribe a particular form for proof of loss, "[t]his defense is only available if the insurer gives the insured written notice that it desires . . . a proof of loss and furnishes the insured with suitable blank proof of loss forms." *Ram Krishana Inc. v. Mt. Hawley Ins. Co.*, No. 22-CV-03803 (JLR), 2025 WL 371016, at *5 (S.D.N.Y. Feb. 3, 2025); *see also* N.Y. Ins. Law § 3407(a). Although "substantial rather than strict compliance with the provisions for proof of loss statements is all that is required," *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, 381 F. Supp. 2d 250, 259 (S.D.N.Y. 2005) (quoting *Yaccarino v. St. Paul Fire & Marine Ins. Co.*, 150 A.D.2d 771, 772, 542 N.Y.S.2d 660, 661 (2d Dep't 1989)), the proof of loss must still allow the insurer to "intelligently . . . form some estimate of his rights and liabilities before he is obliged to pay," *id.*

Here, the undisputed record demonstrates that Plaintiff did not file sworn proofs of loss within the time required by the policy, despite clear communication from Pacific and provision of the necessary forms. Plaintiff's policy required Plaintiff to provide the sworn proof of loss within 60 days of when Pacific requested them. J56.1 ¶ 10. Pacific requested the sworn proofs

---

[5] The parties' briefed the issues in this case under New York law. "Where the parties' briefs assume that a particular jurisdiction's law applies, such implied consent . . . is sufficient to establish choice of law." *Wentworth Grp. Inc. v. Evanston Ins. Co.*, No. 20-CV-6711 (GBD) (JLC), 2021 WL 2828838, at *4 (S.D.N.Y. July 8, 2021), *report and recommendation adopted*, No. 20-CV-6711 (GBD) (JLC), 2021 WL 4479576 (S.D.N.Y. Sept. 30, 2021).

of loss on September 8, 2020, and attached blank copies of the proof of loss document. Dkt. No. 44-2 at PIC001089–1116. The undisputed record demonstrates that Plaintiff did not file the sworn proofs of loss within 60 days. J56.1 ¶ 20 ("Plaintiff did not file Sworn Proofs of Loss with Pacific by November 8, 2020, or within 60 days of the request.").

Plaintiff does not substantively dispute that she did not comply with the proof of loss requirement. *See, e.g.*, Opp. Br. at 3 ("The one-page form"—*i.e.*, the proof of loss—"should not be dispositive."). Instead, Plaintiff argues that Defendant had "the necessary facts" in connection with Plaintiff's claim, Opp. Br. at 3 n.1, and that the doctrines of waiver and estoppel preclude Defendant from raising this defense. *See* Opp. Br. at 5. None of these arguments is persuasive.

First, the record evidence is devoid of support for Plaintiff's claim that Defendant had "the necessary facts" required to evaluate her claim. Instead, the record indicates that Plaintiff provided a random assortment of information that did not bear a logical relationship to her claim. For example, Plaintiff claims that she submitted "Police reports, photographs, and a reported statement." Dkt. No. 49 ¶¶ 8, 10. But examination of the record evidence shows that (i) the police reports in the record do not all correspond with the dates of the claimed loss, which Plaintiff alleges occurred in July and August 2020, *see* Dkt. No. 49-1 at 5, 7 (police reports for incidents that allegedly occurred on February 1, 2020); (ii) it is not clear whether the jewelry listed in the reports corresponds with Plaintiff's claims; (iii) there are no photographs of the jewelry in the record; and (iv) the only "reported statement" in the record is Plaintiff's deposition testimony and partial examination.

Similarly, Plaintiff's allegation that Defendant had "in its possession virtually immediately everything it needed to know regarding the bulk of the Losses," Opp. Br. at 7, lacks evidentiary support. In support of that contention, Plaintiff points to a June 24, 2021 letter from

7

Defendant. *See* Opp. Br. at 7 (citing to Ferland Decl. Ex. 17). But that letter states, in part, "we received an email from you and numerous attached documents. Included within the documents was a schedule from The RealReal which included 710 entries of items either sold or returned to the insured. Unfortunately, however, the entries do not provide a sufficient description of the items involved in the sales or return of property." Dk. No. 44-16. Rather than supporting Plaintiff's contention that Defendant had the information it required, the letter and other record evidence indicates that Defendant specifically informed Plaintiff that it lacked a "sufficient description" of the relevant items.

The clearest document in the record demonstrating Plaintiff's losses is a report from a public adjuster with a description and cost estimate for 13 pieces of jewelry. *See* Dkt. No. 49-5. However, that document is not a sworn statement by Plaintiff, nor does it provide (1) the time and cause of loss; or (2) interest of the insured and all others in the property involved and all liens on the property. *See* J56.1 ¶ 10. Furthermore, the letter is dated April 7, 2021, nearly six months after the sixty-day deadline for Plaintiff to submit the sworn proofs of loss elapsed. Thus even if it was, in substance, sufficient (which, as noted, it is not), it plainly does not comply with the Policy's requirement to submit a timely proof of loss. *See, e.g. Starikovsky v. State Farm Fire & Cas. Co.*, 737 F. Supp. 3d 164, 169 (S.D.N.Y. 2024) (finding that a party's claim was barred where Plaintiff provided a sworn proof of loss eighty-six days after defendant's demand rather than 60 days).

The undisputed record in this case demonstrates that Plaintiff did not provide Defendant with the necessary information to "intelligently . . . form some estimate of his rights and liabilities before he is obliged to pay" and thus did not even substantially comply with the proof of loss requirement. *First Roumanian Am. Congregation,* 862 F. Supp. 2d at 310. *See also* Def.

8

Rep. at 9 ("The fact that Plaintiff filed police reports (ECF No. 49-1), randomly provided a smattering of documents relating to certain jewelry and her authorization for a credit report (ECF No. 49-3), showed documents provided by her public adjuster on April 7, 2021 (ECF No. 49-5), and appeared for EUOs (ECF No. 49-6; 49-7) does not raise a genuine issue of material fact that she failed to return the Sworn Proof of Loss to Pacific, and that she failed to appear at her scheduled EUO after she testified that she did not provide all of the documents requested."); Dkt. No. 44-19, August 10, 2021 Examination Under Oath, at 212:15–25 ("We want the records with respect to the jewelry, when purchased, where, cost, receipts, proof of payment, appraisals, photographs, where, last seen, where located, when last seen and the circumstances involving the loss because we have multiple dates.  And the insured has indicated that she has records at home.  They haven't been produced to us, to date.").  Where, as here, a party "failed to file proofs of loss, even after [defendant's] written request for them . . . [, u]nder New York law, this failure is a material breach of contract, and, if unexcused, precludes recovery under the contract." *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 637 (2d Cir. 1995).  There is no indication whatsoever in the record that Pacific excused or waived this requirement, and accordingly Plaintiff's recovery under the policy is precluded by her failure to comply with the proof of loss requirement.

### B. Estoppel and Waiver Do Not Preclude Pacific's Proof of Loss Defense

Plaintiff argues that Defendant waived and is estopped from asserting the defense that Plaintiff failed to comply with the proof of loss requirement.  Specifically, Plaintiff argues that Defendant's "investigation" into her policy by "investigators, employees, and attorneys, and sworn testimony for hundreds of pages" constitutes "an estoppel by conduct or a waiver." Opp. Br. at 5.  That argument is unpersuasive.

"To invoke estoppel here, plaintiff must show a genuine factual dispute as to whether: (i) defendant, by its actions or statements, led plaintiff to believe it would cover [her] claim even

if plaintiff did not submit proofs within sixty days after demand; (ii) plaintiff relied on defendant's statements or actions in not timely submitting proofs; and (iii) plaintiff's reliance was justifiable." *Starikovsky*, 737 F. Supp. 3d at 171. The undisputed record shows no such factual dispute. Defendant repeatedly warned Plaintiff that it "reserve[ed] all of its rights under the policy" including "its right to assert at any time your failure to comply with the condition of the policy dealing with the filing of Sworn Proofs of Loss with respect to the claims." J56.1 ¶¶ 32 (December 9, 2020 letter reserving right to assert failure to comply with proof of loss requirements), 37 (January 15, 2021 letter), 42 (February 3, 2021 letter), 48 (April 7, 2021 letter), 61 (June 23, 2021 letter), 67 (June 24, 2021 letter), 69 (August 4, 2021 letter), 75 (August 11, 2021 letter), 79 (August 31, 2021 letter), 82 (September 30, 2021 letter). Thus, Plaintiff had no reasonable basis to believe that she was excused from the proof of loss requirement. Furthermore, Plaintiff does not even allege, much less demonstrate with record evidence, that she "relied on defendant's statements or actions in not timely submitting proofs." *Starikovsky*, 737 F. Supp. 3d at 171. Accordingly, Plaintiff cannot invoke estoppel to preclude Defendant from raising the affirmative defense of non-compliance under the policy.

Plaintiff's waiver argument is similarly unavailing. Under New York insurance law, waiver "is the voluntary and intentional relinquishment of a known right." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 388 F. Supp. 3d 304, 350 (S.D.N.Y. 2019), *aff'd*, 828 F. App'x 84 (2d Cir. 2020). The undisputed evidence directly rebuts any allegation that Defendant intentionally relinquished its rights; as discussed above, Defendant expressly and repeatedly reserved its rights under the policy, including its right to assert that Plaintiff failed to comply with the sworn proof of loss requirement. Plaintiff points to no evidence to the contrary. Accordingly, neither waiver nor estoppel preclude summary judgment in Defendant's favor based on Plaintiff's failure to

comply with the proof of loss requirement. *See Starikovsky*, 737 F. Supp. 3d at 172 ("When an insurer repeatedly and expressly reserves its rights in its communications with the other party, such reservations preclude arguments as to waiver and as to equitable estoppel.")

Plaintiff's final argument that Defendant repudiated the policy fails for the same reason. "Repudiation occurs only where a plaintiff establishes that the insurer has committed an anticipatory breach by disclaiming the intention or the duty to shape its conduct in accordance with the provisions of the contract." *Pedersen v. Farmington Cas. Co.*, No. 13-CV-00171(GLS)(ATB), 2015 WL 12767796, at *3 (N.D.N.Y. Oct. 19, 2015) (quoting *Seward Park Hous. Corp. v. Greater N.Y. Mut. Ins.*, 43 A.D. 3d 23, 32 (1st Dep't 2007)); *see also Varda, Inc.*, 45 F.3d at 638 (To establish repudiation, an insured party must demonstrate that the insurer "unequivocally and absolutely refused to perform its obligations under the policy."). Plaintiff raises no such allegation. Here, Defendant conducted a year-long investigation into Plaintiff's claim and provided extensive opportunities for Plaintiff to comply with the Policy's requirements, all while expressly reserving its rights to deny coverage if she failed to do so. Only after more than a year of repeated non-compliance by Plaintiff did Defendant deny her claim. *See* J56.1 ¶ 84 ("By letter dated November 17, 2021, Pacific denied coverage because of Plaintiff's failure to produce the requested records, to appear for an examination under oath, and to submit Sworn Proofs of Loss."). Nothing in the record supports a claim of repudiation. Accordingly, Defendant's motion for summary judgment is GRANTED.

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to terminate Dkt. No. 41, enter judgment for Defendant, and CLOSE this case.

Dated: September 30, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge